USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-15-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA

          -v-                      12 CR 00778 (PAC)
                                 ORDER

SAFI A. NASHASH, and
JOSE M. NUNEZ,

               Defendants.
---------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendants Safi A. Nashash and Jose M. Nunez (collectively, "Defendants") move for discovery, pursuant to Federal Rule of Civil Procedure 16, seeking information relating to the Government's decision to classify UR-144 and XLR-11 as controlled substance analogues of JWH-018, a Schedule I controlled substance, under the Controlled Substance Analogue Enforcement Act of 1986, 21 U.S.C. § 813 (the "Analogue Act").[1] The motion is GRANTED, in part.

Rule 16(a)(1)(F) requires the Government to disclose the "results or reports" of any "scientific test or experiment" in the Government's possession, custody, or control, if the item is material to the defense, or the Government intends to use the item in its case-in-chief. Similarly, Rule 16(a)(1)(E) provides for discovery of books, papers, and other tangible objects in the Government's possession, custody, or control when such items are material to the defense. The Government argues that the requested materials are not material to the Defendants' case, and even if material, they are privileged and therefore

---

[1] Subsequent to the indictment, the Drug Enforcement Agency ("DEA") classified UR-144 and XLR-11 as controlled substances. That classification did not exist as of the indictment, however, and Defendants are charged under the Analogue Act; i.e. that UR-144 and XLR-11 are analogues to controlled substances.

1

protected from disclosure. *See* Government's Memorandum of Law in Opposition to Motion for Discovery ("Opp'n Br.") at 1-2. Neither claim is persuasive.

First, Defendants have made a prima facie showing of materiality. The burden on Defendants is not high: "There must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991) (internal quotations and citations omitted). Here, Defendants seek reports, studies, and other information pertaining to the classification of UR-144 and XLR-11 as controlled substance analogues. *See* Nunez's Motion for Discovery Pursuant to Federal Rule of Criminal Procedure 16 ("Nunez's Mot."), Ex. A. If the Government is in possession of documents showing that these substances are not substantially similar to JWH-018, that information bears directly on the Defendants' guilt. In fact, Defendant Nashash's motion to dismiss cites an internal DEA email where a special forensics lab concluded that "UR-144 and JWH-018 are not substantially similar in structure and are not Analogues." *See* Nashash's Motion to Dismiss, Ex. 5, at 2. Further documents like this would undoubtedly "alter the quantum of proof" in Defendants' favor and therefore are material to their defense. *See Maniktala*, 934 F.2d at 28.

Second, the Government claims that the requested materials are not subject to disclosure pursuant to Federal Rule of Criminal Procedure 16(a)(2) and the deliberative process privilege. *See* Opp'n Br. at 16-20. Rule 16(a)(2) prevents discovery of reports or other government documents made "in connection with investigating or prosecuting the case." Defendants' request seeks information prior in time to the investigation of the Defendants and deals instead with the predicate for the investigation: the DEA's

scientific determination that UR-144 and XLR-11 are controlled substance analogues. Furthermore, to the extent Defendants' fourth request pertains to the actual substances seized from the Defendants, *see* Nunez's Mot., Ex. A at 2, the request merely seeks background information on how the tests were performed. As a result, this Court holds that the requested documents are not exempt from discovery under Rule 16(a)(2).

Nor do any of the requested materials qualify for the deliberative process privilege. That privilege limits disclosure of documents reflecting the "process by which governmental decisions and policies are formulated." *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 640 (S.D.N.Y. 1991). It "does not protect factual findings and conclusions, . . . [or] material which may be severed from a deliberative report." *Id.* at 641 (internal citations omitted). Here, the Defendants request reports and other scientific findings regarding whether UR-144 and XLR-11 met the legal definition of a controlled substance analogue. This is purely a scientific fact and involves no formulation of DEA policy. Furthermore, even if the documents are protected, the public interest in nondisclosure is outweighed by "the need of the [Defendants'] for access to the privileged information." *See MacNamara v. City of New York*, 249 F.R.D. 70, 79 (S.D.N.Y. 2008) (internal quotations and citations omitted).

Accordingly, the Court GRANTS the Defendants' motion with respect to the DEA's decision to classify UR-144 and XLR-11 as analogues. Documents regarding the DEA's policy decision to designate JWH-018 as a controlled substance in March 2011, and UR-144 and XLR-11 as controlled substances in May 2013, however, may be subject to the deliberative process privilege. Rather than simply asserting the privilege, the Government must submit a sworn statement by the agency to which the documents

belong asserting the privilege and describing "precise and certain" reasons why confidentiality must be preserved. *See Resolution Trust Corp.*, 137 F.R.D. at 641 (internal quotations and citations omitted).

Dated: New York, New York
       January 15, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge